Haywood, J.
delivered the opinion of himself and Judge Pece.
Whyte, Judge, did not sit in the cause.
A grant issued to Glasgow for the lands in question, 22d of October, 1782 ; he, on the 30th of May,. 1787, by indorsement on the grant, transferred to D. Davis; which, on the 31st of May, 1787, was proven before a judge, and was ordered to be registered, but never was so. D. Davis conveyed to James Allison 28th July, 1791, and he to Esther Allison, who married Ferguson, by deed, 25th of May, 1792. Ferguson *258 and his wife, the said Esther, in January, 1801, conveyed to Charles Allison, who continued twenty years in possession, and by deed 16th of August, 1816, conveyed to the defendant, Kennedy. Glasgow, by deed 13th of October, 1818, conveyed to the plaintiffs, the children of the said Esther; she died seventeen years before September, 1821, or in the year 1804, her husband one year afterwards, or in the year 1805. The plaintiffs were then infants, and the oldest of them had not arrived to the age of twenty-four when this action was commenced.
The Circuit Court directed the jury that the deed from Ferguson and wife to Charles Allison, is a color of title under the Act of Limitations, and that if there were no adverse claim in her lifetime before the deed to Allison, the Act of Limitations could not run against her infant heirs, if they sued before arrival at the age of-twenty-four. And that the recitals in the plaintiff’s deed did not destroy their title.
Upon this statement of facts the question arises whether the judgment of the Circuit Court, rendered in favor of the plaintiffs, be correct or otherwise.
The transfer of Glasgow to Davis, indorsed on the grant, was never registered, and all subsequent deeds from Davis or under him, could not convey the legal estate, and at most only an equitable estate. The estate which descended, if any, to the plaintiffs from their mother, was an equitable one, which cannot be recovered in ejectment, upon a trial at law. And when they obtained a deed from Glasgow, on the 13th of October, 1818, they acquired for the first time a legal title, if indeed his conveyance at that time could pass one to them; in other words, if he himself was not barred at that time of the legal title, by the adverse possession of Charles Allison, from 1801 to 1816, continued by the defendant to the time of this action, which commenced the 22d of July, 1819.
In order to ascertain whether Glasgow was barred or not
it is to be inquired, what effect was produced by the deed to Charles Allison, and his possession under it ?
First, was this deed a sufficient color of title, to be ripened into a perfect title by possession for seven years and the Act of Limitations. The deed purports to convey a legal estate to Charles Allison; he took possession as under a legal title ; but the deed being that of a feme covert, with her husband, for want of a privy examination, was a void deed. And this leads to the question whether a void deed may be made by the Act of Limitations 'to convey a perfect title. The deed of a second grantee is a void deed, yet possession under it.for seven years makes a good title, by the express words of 1797, ch. 43, and by the same reason that of a feme with her husband may also have the same effect.
And then the next question is, against whom is the Act to run and the title of the defendant to be completed ?
*259 The Act of Limitations must run against him who could sue in ejectment, for it is that legal action and legal right of possession upon which it is founded,that is to be barred ; it is not to run against him, who for want of a legal title and right of entry could not maintain ejectment. How could' the equitable owner sue ? he has no right of entry, and the trustee may recover in ejectment against his cestui que trust; the right of entry being in him and not in the cestui que trust; 2 Term, 684; Burr. Rep. 1416 ; he has no such right till acquired by deed. Glasgow was the person to be barred, and in order to avoid the bar an action of ejectment should have been brought within the limited time; and -when he is barred the equitable estate of cestui que trust, which is dependent" upon his legal estate, is destroyed with it. The trustee having the legal title may be barred by the Act of Limitations, and of course the cestui que trust must, for how can he claim from the trustee a legal estate, which has passed by force of the Act of Limitations from the trustee to the defendant in possession ? If the legal title in the trustee could not be barred, then lands conveyed to trustees in trust for cestui que trust would be exempt from the Act of Limitations, and no possession of whatever duration could ever acquire a title for the possessor; and as to all such lands the Act of Limitations would be repealed, although the contemplation of the Act is, that possession and color of title shall give a complete legal title to the possessor. 1 Burr. 119 ; 2 Salk. 421. This legal title he must take from some one who previously had it. There cannot be two legal titles at the same time in two different persons. Whenever the Act bars, the possessor has only the same title that the person barred had. And supposing him- to be barred of an equitable estate, when the Act intended that the estate to be acquired should be a legal estate, that will support an ejectment; hence in all instances, the estate barred must be a legal estate, and the person barred the legal owner. There is no hardship in this, for if the trustee will not sue, he is answerable to the cestui que trust, or the latter- may use his name, and the Court will not suffer the trustee to dismiss his suit, any more than the obligee of an unnegotiable bond to dismiss a suit brought in his name by the assignee, or a court of equity will vest the legal title in cestui que trust. In the present instance Glasgow would have conveyed to the cestui que trust, at any time within the seven years, or would have permitted the use of his name, as he has done in the present case, where one count is on his demise, or would have been directed to convey by a court of equity. All these facilities have been neglected, and the Court ought not now to take from the possessor the right which he had to be sued in reasonable time, for the accommodation of those who have inexcusably failed to make use of the means with which the law has so liberally supplied them. When Glasgow then made his deed to the plaintiffs, he had no legal title, having been barred by the deed to the defendants, and the *260 seven years’ adverse possession of the defendants under it. And no legal title ever did vest in the plaintiffs by force of his deed to them.
The opinion of the Court is, that the judgment of the Circuit Court should be reversed.